Douglas B. Cannon IBN 4919
dcannon@fabianlaw.com
FABIAN & CLENDENIN
a Professional Corporation
215 South State Street, 12th Floor
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
Fax: (801) 531-1716
*Attorneys for Plaintiff*

## SIXTH JUDICIAL DISTRICT COURT

## BANNOCK COUNTY, STATE OF IDAHO

| | |
|---|---|
| ROBIN RIVAS, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | **COMPLAINT AND JURY DEMAND** <br><br> Case No. CV-2011-4737 PI <br><br> Judge _____ |

Plaintiff Robin Rivas, by and through her attorney, Douglas B. Cannon, and the law offices of Fabian & Clendenin, allege and complain as follows:

### IDENTIFICATION OF PARTIES

1. Plaintiff Robin Rivas is a resident of Fremont County, Idaho.

2. Ford Motor Company ("Ford") is a foreign corporation with its principal place of business in Michigan.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Idaho Code Ann. §1-705.

4. Venue is proper in this court pursuant to Idaho Code Ann. §5-404.

## GENERAL ALLEGATIONS

5.  Robin and Rodolfo Rivas are the owners of a 2005 Ford Explorer, VIN1FMZU73K35ZA52643 (the "Ford Explorer"). A copy of the certificate of title is attached as Exhibit A.

6.  The Rivas' purchased the Ford Explorer on or about February 17, 2007. The Ford Explorer had an odometer reading of 29440 at the time of purchase.

7.  On November 14, 2009, at approximately 9:00 a.m., Ms. Rivas left her home and climbed into the Ford Explorer. She had not driven the Ford Explorer that morning.

8.  Ms. Rivas drove the Ford Explorer to Suzanne Hamilton's (Ms. Rivas' sister) home. The Hamilton's home has a gravel driveway with a cement slab in front of the garage. Ms. Rivas pulled the Ford Explorer into her sister's driveway and pulled up to the grass next to the cement slab. The driveway area is level.

9.  Ms. Hamilton came out of her house and climbed into the Ford Explorer from the passenger side. Ms. Rivas put the car in reverse and backed up about ten feet. Ms. Hamilton told Ms. Rivas she wanted to show her something in the house.

10. Ms. Rivas stopped reversing, put the car in drive, and pulled forward to the grass. Ms. Rivas then placed the Ford Explorer into the park position. Ms. Rivas then took her foot off the brake; the Ford Explorer did not move. Ms. Rivas did not turn the car off because winters are cold and Ms. Rivas wanted to keep the heater running.

11. Ms. Rivas and her sister did not immediately get out of the Ford Explorer. Rather, Ms. Rivas and her sister continued talking for a few seconds. Ms. Rivas did not have her foot on the brake and the car did not move.

12. Ms. Rivas and her sister exited the Ford Explorer. As soon as their feet hit the gravel, the Ford Explorer started to roll backward. The car door knocked Ms. Rivas to the ground, causing her to hit her head. The Ford Explorer rolled over her right leg.

13. Ms. Rivas right leg was severely damaged.

14. The Ford Explorer gear had moved from the park to the reverse position.

### FIRST CAUSE OF ACTION

#### Strict Liability

15. Plaintiff incorporates paragraphs 1-14 as though fully set forth herein.

16. Ford is in the business of designing, manufacturing, assembling, testing, distributing, marketing, and selling cars for profit. Ford designed, manufactured, assembled, tested, distributed, marketed and sold the Ford Explorer.

17. A product designer, manufacturer, distributor, and seller are liable for injuries caused by their product if: (a) the product was unreasonably dangerous due to a defect; (b) the defect existed at the time the product was sold; and (c) the defect was a cause of the plaintiff's injuries.

18. A product contains a defect and is unreasonably dangerous when that product is more dangerous than an ordinary consumer would expect.

19. A product defect may be inferred when the incident causing injury: (a) is of a kind that ordinarily occurs as a result of a product defect; and (b) is not solely the result of causes other than a product defect existing at the time of the product's sale or distribution.

20. Ford intended and expected the gear shift would not move from park to reverse when placed in park.

21. A purchaser of the Ford Explorer would not expect the Ford Explorer gear shift to move from park to reverse when placed in park.

3

22. Ms. Rivas is not aware of any changes to the Ford Explorer from the date they purchased the Ford Explorer which would have affected the gear shift mechanism.

23. Ms. Rivas was using the Ford Explorer in a reasonable and foreseeable manner.

24. The Ford Explorer shifted from park into reverse. Ms. Rivas did not expect the Ford Explorer to fail in such a way and was completely surprised when it did.

25. The Ford Explorer was also defective in that it contained no warnings that the gear shift could inadvertently move from park into reverse.

26. As a direct and proximate result of the foregoing, Ms. Rivas suffered injury and has experienced and will continue to experience economic and noneconomic losses including but not limited to medical, therapy, and related expenses; loss of income and earning capacity; loss of household services and need for assistance; pain, suffering and emotional distress; and disfigurement, disability, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION

### Negligence

27. Plaintiff incorporates by reference paragraphs 1–26 above.

28. Ford has a duty to exercise reasonable care in designing, manufacturing, assembling, testing, distributing and selling ladders.

29. Ford has a duty in the design, manufacture, testing, distribution, and sale of its cars such as the Ford Explorer to hold paramount the safety, health, and welfare of its customers.

30. On information and belief, Ford breached its duty by designing, manufacturing, assembling, testing, distributing and selling a Ford Explorer that malfunctioned while being used in a foreseeable and reasonable manner.

31. As a direct and proximate result of the foregoing, Ms. Rivas has experienced and will continue to experience economic and noneconomic losses including but not limited to

4

medical, therapy, and related expenses; loss of income and earning capacity; loss of household services and need for assistance; pain, suffering and emotional distress; and disfigurement, disability, and loss of enjoyment of life.

### THIRD CAUSE OF ACTION

### Breach of Implied Warranties

32. Plaintiff incorporates by reference paragraphs 1-31 above.

33. Ford is in the business of designing, manufacturing, testing, distributing, marketing and selling cars. Ford designed, manufactured, assembled, tested, distributed, marketed and sold the Ford Explorer.

34. The Ford Explorer breached the implied warranty of merchantability.

35. Ford knew the particular purpose for which the Ford Explorer would be used, but the Ford Explorer was unfit for that particular purpose. Thus, Ford breached the implied warranty for a particular purpose.

36. As a direct and proximate result of the foregoing, Ms. Rivas has experienced and will continue to experience economic and noneconomic losses including but not limited to medical, therapy, and related expenses; loss of income and earning capacity; loss of household services and need for assistance; pain, suffering and emotional distress; and disfigurement, disability and loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for a just amount together with pre- and post-judgment interest and costs as follows:

1. For general damages in an amount to be proven at trial;

2. For special damages in an amount to be proven at trial, including interest as provided by law; and

3.  For Plaintiff's attorney's fees and costs incurred herein, together with such other and further relief as the Court may deem appropriate.

## JURY DEMAND

The Plaintiff demands trial by jury on all issues so triable.

DATED this 8th of November, 2011.

Douglas B. Cannon
FABIAN & CLENDENIN
*Attorneys for Plaintiff*

4821-1444-3021, v. 1

OB124651

THE ATTACHED IDAHO CERTIFICATE OF TITLE IS THE LEGAL OWNERSHIP
DOCUMENT FOR YOUR VEHICLE OR VESSEL. DO NOT CARRY IT IN YOUR
VEHICLE OR VESSEL. KEEP IT IN A SECURE PLACE. UPON SALE OR
TRANSFER OF THIS VEHICLE OR VESSEL, THE NEW OWNER MUST APPLY
FOR TITLE WITHIN 30 DAYS TO AVOID A $20.00 PENALTY.

RIVAS, RODOLFO
RIVAS, ROBIN
PO BOX 747
ASHTON ID  83420

DETACH HERE                                7DK003437   DVS01182     1303

## IDAHO CERTIFICATE OF TITLE

2005  FORD
ODOMETER READING
29440 ACTUAL            02/17/2007

TITLE NUMBER       PRINT DATE
A056007720         03/30/2007

OWNER'S NAME AND ADDRESS

RIVAS, RODOLFO  OR
RIVAS, ROBIN
178 S 6 ST
SQUIRREL, ID 83447

FIRST LIEN
NONE

RECORDED 03/08/2007

OB124651